# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50010 | **DATE** | 9/27/2004 |
| **CASE TITLE** | H.S. Crocker vs. Alcoa | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion to strike the Lousin affidavit and opinions, grants defendant's motion for summary judgment as to Counts I, V, VI, VII, and VIII, and denies the motion as to Counts II, III, and IV. This matter is set for a telephonic conference for October 8, 2004, at 11:00 am to be initiated by plaintiff.

*/s/ Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 9-29-04 date docketed | 94 |
| | Notified counsel by telephone. | | docketing deputy initials | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | 9-28-04 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| LC courtroom deputy's initials | | Date/time received in central Clerk's Office | ow mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, H.S. Crocker Co., Inc., filed an eight-count complaint based on diversity jurisdiction against defendant, Alcoa Flexible Packaging, alleging breaches of contract (Counts I-IV), negligent misrepresentation (Count V), interference with an existing business relationship (Count VI), interference with prospective economic advantage (Count VII), and malicious defamation (Count VIII). Defendant, in turn, filed an eight-count counterclaim. Defendant has filed a motion for summary judgment as to all counts of plaintiff's complaint. Also pertinent to the motion for summary judgment is defendant's motion to strike the affidavit and opinion of one of plaintiff's experts, Ann Lousin, a law professor.

Initially, the court grants defendant's motion to strike the Lousin affidavit and opinions. The opinions pertain to determinative legal issues related to the interpretation of the contract between the parties. This is not proper under Federal Rules of Evidence 702 and 704. See United States v. Sinclair, 74 F. 3d 753, 758 n. 1 (7th Cir. 1996).

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Lamers Dairy, Inc. v. United States Dept. of Agriculture, 379 F. 3d 466, 472 (7th Cir. 2004).

Count I is based on a written contract between the parties which they agree is governed by Illinois law. Under Illinois law, the construction of an unambiguous contract is a question of law for the court. Platt v. Gateway Int'l Motorsports Corp., 813 N.E. 2d 279, 282 (2004).

Here, while the parties persist in characterizing the contract at issue as a "take or pay" contract, that characterization, which may not be entirely accurate, is not controlling. The written contract is a letter of confirmation that is signed by both parties. It unambiguously states that plaintiff and defendant entered into a contract for the purchase of 7,800,000 pounds of "lidstock" over a two-year period. The contract further provides that the total volume is 7,800,000 composite pounds, that the time period is from January 1996 through December 1997, and that plaintiff is to purchase 3,600,000 pounds for 1996 and 4,200,000 pounds for 1997. The contract also provides for a two-stage pricing structure whereby plaintiff will pay X amount per thousand square feet for a product that existed at the time of the contract (F288) and would pay Y amount for a different product that had been contemplated by the parties but not yet developed (PXF2940). Moreover, the contract does not mention any other products, such as AL-1000, or any other amount or pricing scheme as to any other product. The contract is also silent as to any raw aluminum or any price or amount related to raw aluminum.

The record contains no evidence that any of plaintiff's claimed breaches as alleged in Count I occurred during the time frame of the contract (1996 or 1997). In fact, plaintiff's claim focuses on defendant's failure to either deliver adequate amounts of AL-1000 or to deliver AL-1000 in an acceptable condition. The problem for plaintiff, at least to the extent it relies on the contract, is that AL-1000 was not available until after the term of the contract had expired. While plaintiff attempts to extend the term of the contract via the fax sent by Temme, even if this fax could be construed as an extension of the contract, the contract remained silent regarding AL-1000. The contract that governed the purchase of lidstock by plaintiff from defendant for 1996 and 1997 does not, by its plain terms, provide a legal basis for a claim of breach based on AL-1000.

Plaintiff's attempt to rely on trade usage to modify the terms of the contract regarding AL-1000 fails as such additional terms would not be consistent as AL-1000 is an entirely different product not even in existence at the time the parties entered into the contract. See 810 ILCS 5/2-202 (West 2002). The term plaintiff seeks to interject is not a gap filler, but rather, is a new obligation for separate goods. See Latex Glove Co. v. Gruen, 146 Ill. App. 3d 868, 874-75, 497 N.E. 2d 466 (1986). Additionally, plaintiff has not pointed to any evidence of trade usage in this regard.

Alternatively, plaintiff seeks to modify the contract via evidence of course of dealings between the parties. This effort also fails under section 2-202 for the same reasons that plaintiff's trade usage argument was not proper. Further, plaintiff has not provided evidence sufficient to conclude that the parties engaged in a course of dealing that allowed for the wholesale substitution in a contract of a term not previously mentioned or consistent with the stated terms.

The court also notes that the contract does not mention raw aluminum, the price of raw aluminum, or any amounts of raw aluminum. There is simply no obligation under the contract as plainly written for plaintiff to pay for any raw aluminum or to purchase any other finished product made with raw aluminum beyond the two particular types of products specified in the contract. Having said that, the court also notes that plaintiff was not obligated to accept any defective product under the contract under an implied warranty of merchantability. See 810 5/2-314 (West 2002).

Because the written contract that underlies Count I does not apply either to the particular goods (AL-1000) or the time period of the alleged breach, the court grants summary judgment to defendant on Count I.

Defendant also moves for summary judgment on Counts II, III, and IV because plaintiff has failed to come forth with any evidence of damages in relation to those three breach of contract claims.

As to Count II, the motion for summary judgment is denied as plaintiff has submitted evidence sufficient to raise a material question of fact regarding damages. The court rejects defendant's contention based on an accord and satisfaction regarding the claim in Count II as there is a question of material fact in that regard. As for Count IV, defendant argues that plaintiff's evidence regarding damages should be barred under Rule 26 for not disclosing it. Plaintiff's Rule 26 disclosures, however, satisfactorily comply with Rule 26 in terms of damages. Otherwise, plaintiff has offered sufficient evidence of damages to preclude summary judgment as to Count IV.

That leaves Count III. While defendant has filed two motions related to Count III (Rule 37 motion and motion to bar plaintiff's damages expert), the court need not address those motions at this point as plaintiff has submitted sufficient evidence to raise a material question of fact as to damages under Count III irrespective of the outcome of the two motions. Thus, summary judgment is also denied as to Count III.

Defendant seeks summary judgment on Count V because plaintiff has not submitted evidence on all elements of its negligent misrepresentation claim. In Count V, plaintiff alleges that defendant negligently misrepresented its ability to produce lidstock and its ability to deliver lidstock by a certain date in accordance with certain purchase orders. This claim is clearly barred by the economic loss doctrine and does not satisfy the negligent misrepresentation exception to that doctrine because the contracts at issue dealt with tangible goods and any information related thereto was merely ancillary or incidental. See Fox Associates, Inc. v. Robert Half Int'l, Inc., 334 Ill. App. 3d 90, 93-95, 777 N.E. 2d 603 (2002). Summary judgment is therefore granted as to Count V.

The court also grants summary judgment as to Counts VI and VII as the tort of intentional interference with an existing business relationship requires breach of a contract by a third party, see Kehoe v. Saltarelli, 337 Ill. App. 3d 669, 676-77, 786 N.E. 2d 605 (2003), and interference with a prospective economic advantage requires interference by a defendant with a third party, see Vickers v. Abbott Laboratories, 308 Ill. App. 3d 393, 411, 719 N.E. 2d 1101 (1999), and there is evidence of neither in this case.

That leaves plaintiff's claim for defamation in Count VIII. Defendant contends it is entitled to summary judgment because there is no evidence of damages as to either comment. The court agrees that there is no evidence of special damages in this case notwithstanding Giordano's generalized testimony to that effect.

Plaintiff contends, alternatively, that it needs no evidence of damages because its defamation claim qualifies as defamation per se. In Illinois, a comment is defamatory per se if it contains words that, among other things, impute the lack of ability in business, trade, or profession. Salamone v. Hollinger Int'l, Inc., 347 Ill. App. 3d 837, 840, 807 N.E. 2d 1086 (2004). The comments at issue here, to constitute defamation per se, would have to fit into this category.

However, Illinois applies the innocent construction rule as an exception to defamation per se. Salamone, 347 Ill. App. 3d at 840. The innocent construction rule, a question of law, requires consideration of the statement in context, giving the words and their implication their natural and obvious meaning. Salamone, 347 Ill. App. 3d at 840. A statement that falls within one of the recognized categories of words that are actionable per se, but is reasonably capable of an innocent construction, will not be found actionable. Salamone, 347 Ill. App. 3d at 840.

In this case, the statement made to Dannon's employee, Towl, is reasonably capable of an innocent construction as it was made in the context of a discussion about why plaintiff was not getting materials from defendant. It was purely a speculative comment, if not pure opinion, and was, in fact, interpreted that way by Towl who stated he did not believe that was the reason.

The alleged defamatory statement, made by a salesperson to Exactos that the bug problem was more on plaintiff's side than defendant's, could again be reasonably construed as nothing more than a generalized opinion that was made in the context of a sales contact. It could reasonably be viewed as mere opinion or puffing by the salesperson.

Because both statements are capable of an innocent construction, summary judgment is granted as to Count VIII in its entirety.

For the foregoing reasons, the court grants defendant's motion to strike the Lousin affidavit and opinions, grants defendant's motion for summary judgment as to Counts I, V, VI, VII, and VIII, and denies the motion as to Counts II, III, and IV.

The court notes that there are plaintiff's motion for partial summary judgment, plaintiff's motion to strike certain affirmative defenses, defendant's motion to strike the expert report and testimony of Szobocsan, and defendant's motion pursuant to Rule 37(c)(1) to preclude plaintiff from prosecuting claims and using evidence not disclosed until after the close of fact discovery which are all fully briefed and pending. Prior to the court endeavoring to decide these various non-dispositive motions, the court orders plaintiff to initiate a telephonic conference with both parties and the court for October 8, 2004, at 11:00 am to discuss the reinitiation of serious settlement discussions.